IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 1, 2009

## COURTNEY ANDERSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
No. P-28024     Carolyn Wade Blackett, Judge

No. W2008-02814-CCA-R3-PC  - Filed February 5, 2010

The Petitioner, Courtney Anderson, appeals the Shelby County Criminal Court's denial of
post-conviction relief, contending that he received ineffective assistance of counsel based on
counsel's failure to include a copy of the presentence report, a transcript of the plea
submission hearing, and a transcript of the sentencing hearing in the record on appeal. Upon
review, we affirm the judgment of the post-conviction court.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which DAVID H. WELLES
and ALAN E. GLENN, JJ., joined.

Claiborne H. Ferguson, Memphis, Tennessee, for the Petitioner-Appellant, Courtney
Anderson.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney
General; William L. Gibbons, District Attorney General; Karen Cook and Lora Fowler,
Assistant District Attorneys General, for the Appellee, State of Tennessee.

### OPINION

The Petitioner was indicted for eight counts of felony theft of property, seventeen
counts of forgery, and one misdemeanor count of possession of a handgun in a public place.
See State v. Courtney Anderson, No. W2000-02071-CCA-R3-CD, 2001 WL 912835, at *1
(Tenn. Crim. App., at Jackson, Aug. 13, 2001). He proceeded to trial on one count of theft
and one count of forgery. A Shelby County jury convicted him of these offenses, and he
received an effective sentence of twenty-one years. See id. After this court affirmed his
sentences on direct appeal, the Petitioner entered guilty pleas to twenty-one remaining
charges. See id.; see also State v. Courtney Anderson, No. W2000-00244-CCA-R3-CD,
2001 WL 91734, at *4 (Tenn. Crim. App., at Jackson, Jan. 31, 2001). The trial court initially

imposed an effective sentence of 171 years, 11 months, and 29 days but later modified it to a sentence of 168 years, 11 months, and 29 days. See Countney Anderson, 2001 WL 912835, at *2. The Petitioner appealed his sentence, and this court held that the trial court erred in determining that the Petitioner was a career offender for his Class C felonies and remanded the case for clarification or correction of the sentences imposed and for a resentencing hearing regarding the Petitioner's Class C felony convictions. See id. at *3.

At the resentencing hearing, the trial court sentenced the Petitioner to an effective sentence of 141 years, 11 months, and 29 days, which was to be served consecutively to his previous sentence of 21 years. See State v. Courtney Anderson, No W2001-02764-CCA-R3-CD, 2003 WL 57421, at *1 (Tenn. Crim. App., at Jackson, Jan. 6, 2003). The Petitioner again appealed his sentence as excessive, and this court affirmed the judgment of trial court, concluding:

> The defendant takes issue with the imposition of consecutive sentences and seeks a reduction in his sentence. However, reviewing this record, we find that the defendant failed to provide the transcript of the original sentencing hearing, the presentence report, or the guilty plea submission hearing. We can and did take judicial notice of our court records and retrieved the transcript of the original sentencing hearing and the presentence report in the first appeal. However, there was no transcript of the guilty plea submission hearing.
>
> Our review of a sentencing issue is de novo with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). A de novo review obviously requires us to examine the "nature and characteristics of the criminal conduct involved." Tenn. Code Ann. § 40-35-210(b)(4). In this case, we are precluded from conducting a review of the underlying facts supporting the defendant's convictions, because these facts, which were presented and stipulated to at the guilty plea submission hearing, are not included in the record.
>
> If the appellate record is inadequate, the reviewing court must presume that the trial court ruled correctly. See State v. Ivy, 868 S.W.2d 724[, 728 (Tenn. Crim. App., at Jackson, June 23, 1993)]; State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). The burden of providing a complete and accurate record upon appeal rests upon the appealing party. See Tenn. R. App. P. 24(b).

Id. at *2.

The Petitioner filed a timely pro se petition for post-conviction relief. Following the appointment of counsel, the Petitioner filed an amended post-conviction petition on October 5, 2004, claiming that counsel rendered ineffective assistance at the trial and appellate court levels.

On November 15, 2005, the Petitioner filed a Memorandum on Post-Conviction Court's Authority to Grant Relief, asserting for the first time that counsel failed to perfect his appeal to the Tennessee Supreme Court pursuant to Tennessee Rule of Appellate Procedure 11. On November 18, 2005, following a hearing, the post-conviction court entered an order allowing the Petitioner to file a delayed application for permission to appeal to the Tennessee Supreme Court and staying the post-conviction proceedings pending the final disposition of the delayed appeal. On June 12, 2006, the Tennessee Supreme Court denied the application.

On October 30, 2007, the post-conviction court entered an order denying the petition for post-conviction relief. On November 28, 2007, the court entered an order setting aside the previous October 30, 2007 order on the ground that the Tennessee Supreme Court had denied the Petitioner's application for permission to appeal and that the Petitioner should be given an opportunity to include Tennessee Rule of Appellate Procedure 11 issues in his petition for post-conviction petition. On September 10, 2008, following the appointment of new counsel, the Petitioner filed an amended motion for post-conviction relief on the denial of the Rule 11 application.

On November 24, 2008, the post-conviction court entered an order dismissing the petition for post-conviction relief, and on December 16, 2008, the Petitioner filed a timely notice of appeal. On December 18, 2008, in response to the Petitioner's Motion to Re-Open his Petition for Post-Conviction Relief, the post-conviction court entered an order finding that all issues raised in the Motion to Re-Open had been resolved pursuant to the November 24, 2008 order denying post-conviction relief and that the Petitioner had not shown that his appellate counsel's actions were deficient in failing to appeal his case to the Tennessee Supreme Court, since appointed counsel is only required to represent an individual through the trial proceeding and through the first tier of appellate review. See T.C.A. § 40-14-203.

## FACTUAL BACKGROUND

**Plea Submission Hearing.** At the plea submission hearing on May 2, 2000, the State summarized the facts supporting the offenses to which the Petitioner was pleading guilty:

> Your Honor, I'll do the best I can. The file is downstairs. The matters
> that were set for trial today involve a victim by the name of William Kenneth

Lane, and similar to the trial the court heard months ago, [the Petitioner] got a photo – a driver's license made with all of Mr. William Kenneth Lane's personal numbers on it but with a picture of Courtney Anderson on it.

And for about a three-day period in May of 1996, he went from jewelry store to jewelry store to apartment complex to the phone company posing as William Kenneth Lane and obtaining goods through that. He was eventually arrested at the Hickory Ridge mall and had, on his person, some receipts in the name of William Kenneth Lane.

Obviously William Kenneth Lane was contacted and advised the authorities that he did not authorize [the Petitioner] to rent an apartment in his name or obtain phone services in his name.

He had some stolen checks on him in the name of Consolidated Salvage that he had attempted to cash in the name of William Kenneth Lane, and I believe one of the remaining charges was possession of a handgun in an occupied public place or a convicted felon in possession of a handgun, and I'm blank on what the facts of that are other than he had a gun on him and the court is certainly aware of his lengthy felony record

The Petitioner stipulated that the aforementioned facts were correct. The trial court accepted the Petitioner's guilty pleas as freely and voluntarily entered as to the twenty-one charges and set the matter for a sentencing hearing.

**Post-Conviction Hearing.** During the post-conviction hearing on October 31, 2005, counsel testified regarding several claims of ineffective assistance of counsel in the post-conviction petition that were not included in his post-conviction appeal to this court.[1] Counsel stated that he had practiced law for approximately twenty-five years and that around ninety-five percent of his practice was devoted to criminal defense. He also stated that he had handled numerous appeals, had represented defendants in capital murder cases, and was in good standing with the Bar. Counsel stated that he originally began representing the Petitioner when he was appointed by the court. Counsel acknowledged that he did not include a copy of the presentence report or the transcript from the sentencing hearing in the third direct appeal that he handled for the Petitioner. However, he stated that the Tennessee

---

[1]The other issues presented in the petitioner's post-conviction petition, but excluded from his brief to this Court allege ineffective assistance of counsel because counsel failed to (1) request continuances to prepare for the case; (2) consult with the petitioner as to the results of the pre-trial investigation; (3) convey all settlement offers to the petitioner; (4) to meet with the petitioner; and (5) provide the petitioner with enough information to enable the petitioner to make an informed and intelligent decision to plead guilty.

Court of Criminal Appeals took "judicial notice" of the presentence report and the sentencing hearing transcript because those documents were included in the Petitioner's first appeal. Counsel also acknowledged that he failed to include a copy of the transcript from the plea submission hearing. He explained that he did not include the transcript from the plea submission hearing because he felt it was not necessary, since the hearing centered around whether the Petitioner had waived his rights. Counsel admitted that the Tennessee Court of Criminal Appeals felt that the transcript from the plea submission hearing was important to the Petitioner's appeal. However, he stated that even if he had included the transcript of the plea submission hearing on appeal, it would have had no effect on the sentence that the Petitioner received.

The Petitioner testified at the post-conviction hearing that counsel began representing him in Criminal Court Division V in January of 1999. He stated that after reading the Tennessee Court of Criminal Appeal's decision regarding his third direct appeal, he understood that the record on appeal was incomplete.

In the November 24, 2008 Order Denying Petition for Post-Conviction Relief, the post-conviction court concluded that the Petitioner had failed to show any prejudice from counsel's error:

> In this case, appellate counsel's failure to provide the Tennessee Court of Criminal Appeals with a transcript of the guilty plea proceedings precluded the court from ruling on Petitioner's appeal. There is no question that appellate counsel's actions fell below an objective standard of reasonableness. In order for this court to grant Petitioner relief on this issue, however, Petitioner must also show that if the transcripts were provided, there was a reasonable probability that the results of the proceeding would have been different. Petitioner has not met his burden of showing prejudice to the outcome in this case. There is nothing in the appellate court's opinion that suggests that it would have reached a different result had the transcript of the guilty plea proceedings been provided. Furthermore, Petitioner has not provided this Court with any allegations that there is anything in the transcript of the guilty plea proceedings that would have warranted a different result than the one reached by the Tennessee Court of Criminal Appeals.

**ANALYSIS**

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103 (2006). The Tennessee Supreme Court has held:

A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is de novo with no presumption of correctness.

Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006) (internal quotation and citations omitted). "The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence." Id. (citing T.C.A. § 40-30-110(f); Wiley v. State, 183 S.W.3d 317, 325 (Tenn. 2006)). Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998) (citing Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901, n.3 (Tenn. 1992)).

Vaughn further repeated well-settled principles applicable to claims of ineffective assistance of counsel:

The right of a person accused of a crime to representation by counsel is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. Both the United States Supreme Court and this Court have recognized that this right to representation encompasses the right to reasonably effective assistance, that is, within the range of competence demanded of attorneys in criminal cases.

Vaughn, 202 S.W.3d at 116 (internal quotations and citations omitted).

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. Id. (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697, 104 S. Ct. at 2069).

A petitioner successfully demonstrates deficient performance when the clear and convincing evidence proves that his attorney's conduct fell below "an objective standard of

reasonableness under prevailing professional norms." Id. at 369 (citing Strickland, 466 U.S. at 688, 104 S. Ct. at 2065; Baxter, 523 S.W.2d at 936). Prejudice arising therefrom is demonstrated once the petitioner establishes "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 370. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. (quoting Strickland, 466 U.S. at 694, 104 S. Ct. at 2068).

**Ineffective Assistance of Counsel.** On appeal, the Petitioner claims that trial counsel rendered ineffective assistance by failing to include a copy of the presentence report, a transcript from the plea submission hearing, and a transcript of the sentencing hearing in the record for his second direct appeal. He contends that counsel's failure to include these documents in the record on appeal "precluded the possibility that the concurrent sentence be re-considered." He claims that because the Tennessee Court of Criminal Appeals must review sentencing issues de novo with a presumption of correctness, it has to consider "the nature and characteristics of the criminal conduct involved." See T.C.A. § 40-35-210(b)(4). Therefore, according to the Court of Criminal Appeals' opinion, counsel's failure to include the aforementioned documents in the record prevented the court from reviewing the underlying facts supporting the Petitioner's convictions. Although the Petitioner acknowledges that the Court of Criminal Appeals took judicial notice of the transcript of the sentencing hearing and the presentence report that were in the record from the first direct appeal, he contends that counsel rendered ineffective assistance in failing to include the transcript from the plea submission hearing in the record for his third direct appeal. Accordingly, the Petitioner claims that counsel's failure to include the stipulated facts supporting his convictions in the record was deficient and that this deficiency prejudiced him by denying his right to appellate review. In response, the State contends that the trial court properly dismissed the post-conviction petition because the Petitioner failed to prove by clear and convincing evidence that he was prejudiced. Specifically, the State argues that the Petitioner failed to provide any evidence at the post-conviction hearing or on appeal that his sentence would have been different had counsel included the transcript from plea submission hearing in the record on appeal. We agree with the State.

While we believe that counsel's failure to prepare an adequate record on appeal was deficient, we conclude that the Petitioner has failed to establish how counsel's deficient performance prejudiced him. Specifically, the Petitioner has failed to establish a reasonable probability that inclusion of the plea submission hearing transcript would have resulted in a different sentence. It is clear that the State's summary of the facts supporting the offenses at the plea submission hearing would not have resulted in a lesser sentence for the Petitioner on appeal. After reviewing the record, we conclude that the Petitioner did not show by clear and convincing evidence that counsel prejudiced him by failing to prepare an adequate record on appeal. Accordingly, we affirm the judgment of the post-conviction court.

**CONCLUSION**

Upon review, we affirm the judgment of the post-conviction court.


_____
CAMILLE R. McMULLEN, JUDGE